Dear Mr. Conner,
On behalf of the Plaquemines Parish Government, you have requested an Attorney General's opinion regarding the use of public funds on private property. Specifically, you ask whether the Parish may use its equipment, materials and labor to repair roads on private property that are used primarily for the benefit of private landowners. You indicate the roads are in such poor condition that the postmaster of one town has refused to travel on them to deliver mail and ambulances and other emergency vehicles have difficulty traveling on them as well. Second, you ask what the Parish may do to help private citizens who cannot afford to pay for sewer connections from their homes to public sewer lines.
In order to answer your questions, we refer you to Art. 7, Sec.14(A) of the La. Const., which prohibits the donation of public "funds, credit, property, or things of value of the state or any political subdivision." Political subdivisions have been found to have violated this provision if they gave up something of value when they were under no legal obligation to do so.[1] The jurisprudence also makes it clear that the worthiness of the contemplated use of public funds is immaterial to the constitutionality of the transfer of public funds.[2]
Thus in response to your first question, the Parish's use of public funds, materials or labor to repair roads on private property would be an unlawful donation in violation of Article VII, Section 14(A).[3]
Similarly, this office has consistently found that the use of public funds, materials or labor to provide sewer connections to private homes violates the prohibition against *Page 2 
donating public funds.[4] However, Paragraph (B) of Section 14 contains an exception to this general prohibition and allows "the use of public funds for programs of social welfare for the aid and support of the needy." This office has previously found that the exception in Paragraph (B) is operative as long as those assisted through such a program are screened pursuant to objective criteria to insure that they are needy.[5]
Accordingly, while the Parish may not simply connect any private residences to the public sewer lines, it may expend funds or provide materials and labor to connect sewer lines for residents who cannot afford to do so themselves, as long at it is done through an established program for the aid and support of the needy, and the program uses objective criteria to determine who is needy.[6] The Parish may establish such a program itself or it may enter into an agreement with an existing program to provide these services
We trust this adequately addresses your concerns. If you have additional questions, please contact our office.
With kindest regards, we remain
Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
 BY: __________________________________ DENISE BROU FITZGERALD Assistant Attorney General
CCF, jr./DBF/dam
[1] City of Port Allen v. La. Risk Management, 439 So.2d. 399 (La. 1983).
[2] James v. Rapides Parish Police Jury, 113 So.2d 88
(La.App. 2nd Cir. 1959).
[3] See Atty. Gen. Op. Nos. 01-229, 00-278, and 89-545.
[4] See Atty. Gen. Op. Nos. 03-043, 02-341 and 00-485.
[5] See Atty. Gen. Op. Nos. 00-174, 04-088 and 94-157.
[6] See Atty. Gen. Op. No. 96-348.